OPINION OF THE COURT
Peter Tom, J.
The issue in this motion is whether section 2523.5 (b) (2) of *640 the new Rent Stabilization Code (9 NYCRR) overrides the ruling of the Court of Appeals in the case of Sullivan v Brevard Assocs. (66 NY2d 489) in which the court ruled that a family member of a deceased rent-stabilized tenant has no right to a renewal lease upon the expiration of the lease term.
In this holdover summary proceeding, the owner seeks to evict the grandchildren of a rent-stabilized tenant who died on July 1, 1985. Respondent Susan Haelen, granddaughter of the deceased tenant, moved into the premises in January of 1983. Respondent Ricky Haelen, the grandson, moved into the premises in April of 1984. Respondent does not contest the time period in which both grandchildren claimed they moved into the apartment. After the lease expired, on September 30, 1985, the owner brought this proceeding against respondents claiming that the grandchildren have no legal rights to the apartment and a renewal lease under the rulings in Sullivan v Brevard Assocs. (supra) and Tagert v 211 E. 70th St. Co. (63 NY2d 818).
Petitioner moves, in the instant motion, for summary judgment.
In the Sullivan case (supra), the Court of Appeals ruled that the tenant of record is the only party entitled to a renewal lease under the Rent Stabilization Law and that this right does not extend to a family member upon the vacatur of the premises by the tenant or upon the death of the tenant.
The Court of Appeals ruling was based on the lack of any statutory provision in the Rent Stabilization Law granting family members of the tenant any rights to the rental accommodation upon the vacatur by or death of the tenant, and the absence of a definition of the term "tenant” in the Rent Stabilization Law to include family members. The court pointed out that these omissions in the law left the named tenant in the lease agreement to be the only party entitled to a renewal lease upon the expiration of the lease term.
The ramification of the Sullivan ruling left many family members, including spouses and children of tenants, in jeopardy of being evicted when the tenant died or vacated the premises.
In response to this ruling, the Commissioner of the New York State Division of Housing and Community Renewal (hereinafter known as DHCR) in December 1985 issued Emergency Operational Bulletin No. 85-1 which provides that owners must offer a renewal lease to certain qualified immediate *641 and nonimmediate family members of tenants who died or vacated the premises during the lease term.
The Appellate Division, First Judicial Department, on April 9, 1987, declared Operational Bulletin No. 85-1 invalid in the case of Two Assocs. v Brown (127 AD2d 173, appeal dismissed and lv denied 70 NY2d 792). The appellate court found that the Commissioner’s bulletin created new law by including a new class of people entitled to lease renewals. The court stated, "[t]he Commissioner may not so act in the absence of a legislative amendment of the Law or without properly moving to amend the Code as specified in the Law.” (127 AD2d, at 183.)
As a result of the appellate ruling, the Commissioner promulgated amendments of the Rent Stabilization Code which became effective on May 1,1987.
Section 2523.5 (b) (2) of the new Code (9 NYCRR) provides that a qualified family member of a deceased tenant is entitled to a renewal lease upon the termination of the lease term if such family member has resided with the tenant for a period of not less than two years prior to the death of the tenant or if such family member is a disabled tenant for a period of no less than one year prior to the tenant’s death. Section 2520.6 (o) qualifies grandchildren of the tenant as family members.
Respondents Susan and Ricky Haelen, as grandchildren of the tenant, are family members of the deceased tenant under section 2523.5 (b) (2). Respondent Susan Haelen moved into the subject premises more than two years prior to the death of the tenant and respondent Ricky Haelen, a disabled person, moved into the premises more than one year prior to his grandfather’s death.
Respondents have annexed with their opposition papers to the instant motion the identification card for handicapped persons for Ricky Haelen issued by the Metropolitan Transportation Authority. Petitioner does not contest the physical condition of respondent Ricky Haelen. Both grandchildren lived with the tenant until the time of his death.
It is the finding of the court that Rent Stabilization Code § 2523.5 (b) (2) supersedes the ruling of Sullivan v Brevard Assocs. (66 NY2d 489, supra).
The Rent Stabilization Law was enacted in May 1969 due to an emergency shortage of housing accommodations in the City of New York. The City Legislature found it was necessary to *642 regulate certain residential units so as to prevent any practices which would cause a threat to public health, safety and general welfare. A Real Estate Industry Stabilization Association was created which adopted the Rent Stabilization Code regulating the rents for stabilized apartments and covering related terms and conditions of occupancy for such units. (Local Laws 1969, No. 16 of City of New York.)
The 1983 Omnibus Housing Act (L 1983, ch 403) divested the Real Estate Industry Stabilization Association of its power and placed the entire system of regulation including rents and evictions under the DHCR. The State Legislature found that a continued public emergency exists in the housing market and the need for certain changes. It found that it would serve the public interests to place the entire regulation system under one agency. (L 1983, ch 403, § 1.)
The DHCR, under the Omnibus Housing Act, was placed in charge of regulating rents and evictions of rental units including rent-stabilized apartments.
New York City Rent Stabilization Law § 26-511 (b) (Administrative Code of City of New York) specifically grants the Commissioner the power to amend the Rent Stabilization Code from time to time pursuant to certain prescribed procedures set forth in this section.
Section 26-511 (c) (1) provides in pertinent part that:
"[a] code shall not be adopted hereunder unless it appears to the division of housing and community renewal that such code:
"(1) provides * * * in general, protects tenants and the public interest”.
The action of the Commissioner in amending the Code to prevent the eviction of family members under emergency circumstances was done within his authorized power to regulate evictions involving rent-stabilized apartments.
The amendment of the Code was made in conjunction with the purpose and intention of the Rent Stabilization Law which is to prevent any disruption in the housing market and to protect the public interest and welfare. The wholesale eviction and displacement of family members, including spouses and children, would not only cause extreme hardship for many city dwellers but also would create turmoil in a city already facing an emergency housing shortage. In certain instances, such as in winter condition, it could result in life-threatening situations. This is the type of housing catastrophe which the *643 Legislature sought to avoid in its enactment of the Rent Stabilization Law in 1969 and which the DHCR was empowered to prevent.
It appears that the Commissioner amended the Code pursuant to the procedure prescribed under section 26-511 (b). Petitioner does not contest the procedure in which the Code was amended.
Further, the proper amendment of the Code to include a class of qualified family members entitled to renewal leases was made in conjunction with the ruling of the Appellate Division in Two Assocs. v Brown (127 AD2d 173, 183, supra).
The new Code which became effective during the pendency of the action is applicable to the proceeding. (Matter of St. Vincent’s Hosp. & Med. Center v New York State Div. of Hous. & Community Renewal, 109 AD2d 711 [1st Dept]; Coronet Props. Co. v State of New York Div. of Hous. & Community Renewal, NYLJ, Nov. 26, 1986, at 11, col 4 [Sup Ct, NY County].)
A statute which is remedial in nature should be applied broadly to avoid potential hardship and unwarranted evictions. Section 2523.5 (b) (2) of the Rent Stabilization Code is remedial in nature and should be applied broadly including this proceeding. (Garsen v Nimmo, NYLJ, Feb. 14, 1984, at 14, col 4 [App Term, 1st Dept]; Lincoln Terrace Assocs. v Snow, NYLJ, Nov. 28, 1983, at 5, col 3 [App Term, 1st Dept].)
It is the finding of the court that respondents Susan and Ricky Haelen are qualified family members of the deceased tenant under section 2523.5 (b) (2) and, therefore, they are entitled to a new lease upon the expiration of the lease term under section 2523.5 (b) (2). (Soling v Little, 135 Misc 2d 871.)
The court further finds that the lease agreement dated July 18, 1985 signed by the deceased tenant’s son respondent John Haelen is void and without any force and effect. This lease was offered by petitioner to the tenant after his death when the landlord had no knowledge of his death. It appears that respondent John Haelen executed the lease sometime after July 18, 1985 under a power of attorney granted to him by the deceased tenant dated November 26, 1979.
An attorney-in-fact is a type of agent and the death of the principal revokes the authority of the agent and the power of attorney. (Wisdom v Wisdom, 111 AD2d 13; Etterle v Excelsior Ins. Co., 74 AD2d 436.)
Since respondent John Haelen executed the lease on behalf *644 of the tenant as an agent after the death of the tenant, he acted without any authority. Respondent John Haelen does not purport that he ever lived in the subject premises.
Based on the foregoing, the petition is dismissed.