JOSEPH W. SIMANTZ *et al.*, Plaintiffs-Appellants, v. PRIME MOTOR INNS, INC., *et al.*, Defendants-Appellees.

Second District   No. 2—90—0063

Opinion filed February 21, 1991.

GEIGER, J., dissenting.

Donald J. Simantz and James C. James III, both of Matthews, Dean, McKenna & Storer, of Aurora, and Mark A. Pheanis, of McKenna, Storer, Rowe, White & Farrug, of Wheaton, for appellants.

Robert L. Bartolone and Sandra Young, both of Purcell & Wardrope, Chartered, of Chicago, for appellee Prime Motor Inns, Inc.

JUSTICE DUNN delivered the opinion of the court:

Plaintiffs, Joseph W. Simantz, Anthony Piazza and Marianne J. Serpico Piazza, appeal from an order of the circuit court of Kane County dismissing their action against defendants on the basis of *forum non conveniens.*

Plaintiffs were involved in an automobile accident in Phoenix, Arizona, in April 1987. As a result of the accident, plaintiffs filed suit against defendants in the circuit court of Kane County. In their complaint, plaintiffs alleged that the car in which they were riding was struck by a van driven by defendant Overmier and that Overmier was an agent or employee of each of the corporate defendants. Defendants filed a motion to dismiss on the basis of *forum non conveniens,* alleging that Maricopa County, Arizona, would be a more appropriate forum for a trial of the cause. The trial court granted the motion, and plaintiffs appeal.

The parties agree that for purposes of the motion the facts are not in dispute. Plaintiffs Anthony and Marianne Piazza are residents of Illinois; plaintiff Simantz is a resident of Arizona; defendant Overmier is a resident of Arizona; and all "corporate witnesses" for defendants are residents of Arizona. The accident occurred in Arizona. All of the plaintiffs were treated for accident-related injuries in Arizona and in Illinois.

■ The doctrine of *forum non conveniens* presupposes the existence of more than one forum in which jurisdiction may be obtained over the parties and the subject matter of the case and in which the controversy may be tried. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 364.) The inquiry in any *forum non conveniens* case centers upon which of several forums is the most convenient under the facts of the case. (*Wieser,* 98 Ill. 2d at 365.) The question is not one of jurisdiction; even though the forum may have the power to adjudicate the controversy, under the doctrine it may be inappropriate under the facts of the case to do so if there is another forum with jurisdiction of the parties in which the case can be more conveniently tried. *Wieser,* 98 Ill. 2d at 365.

■ A trial court is vested with broad discretion in balancing the various considerations relevant to a ruling on a *forum non conveniens* motion, and its decision will be reversed only if it represents an abuse of discretion. (*McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 288.) In ruling on a *forum non conveniens* motion, the court should consider the private interests of the litigants, including the relative ease of access to the sources of proof; the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; the possibility of a view of the premises, if appropriate; and all other practical problems that make trial of a case easy, expeditious and inexpensive. The court should also consider public interest factors, including the congestion of court dockets; the burden of jury duty on a community which has no relation to the litigation; local interest in having localized controversies decided at home; and the appropriateness of having the case heard in a forum familiar with the State law that governs the case. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 110-11.

Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. (*Wieser*, 98 Ill. 2d at 366.) If the chosen forum is plaintiff's home forum, that choice should be given substantial deference, and the court may reasonably assume that the choice is convenient; both public and private interests tend to weigh in plaintiff's favor when he chooses to sue at home. *McClain*, 121 Ill. 2d at 289-90.

■ A review of the facts brings us to the conclusion that the balance is not in favor of defendants. Most of the private factors do not favor one State over the other. Defendants have not suggested that a view of the site of the accident would be beneficial, and neither party has suggested that there are occurrence witnesses other than the parties themselves. Although defendants have alluded to "corporate witnesses" who reside in Arizona, they have not suggested what role these witnesses might play, and, in any event, we assume that defendants are referring to their own employees, so it is doubtful that there will be any difficulty encountered in securing their attendance. In light of the fact that all plaintiffs received medical treatment in both Arizona and Illinois, any difficulties involved in obtaining out-of-State medical evidence would be encountered whether the case were tried in Illinois or in Arizona. Similarly, one of the parties will be forced to bear the expense and inconvenience of out-of-State travel whether the case is tried in Arizona or in Illinois.

Most of the public interest factors do not weigh in favor of either forum. Neither party has made any representations concerning congested court dockets in either forum. Arizona, as situs of the accident and home of one of the plaintiffs and all of the defendants, certainly has an interest in providing a forum in which to resolve the dispute but so does Illinois, home of two of the plaintiffs. (See *Wieser*, 98 Ill. 2d 371-72.) The action, therefore, would not be an unwarranted burden on the people or courts of either forum.

The parties agree that Arizona law will govern the cause of action. This is the only factor actually favoring Arizona over Illinois. Illinois courts can apply the law of a foreign State in appropriate circumstances, although they should not be burdened with doing so unless there are strong policy reasons and Illinois has a strong connection with the case. (*Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 232.) Inasmuch as Illinois is the home of two of the plaintiffs and is their chosen forum, there are strong policy interests involved and strong connections with the case. Further, given the nature of this case, a common-law negligence action arising from a vehicular collision, we have no reason to believe that Arizona law will present any problems for an Illinois court.

The fact remains that plaintiffs have chosen to sue in Illinois, the home forum of two of the three plaintiffs. As noted above, when the chosen forum is plaintiffs' home forum, that choice is to be given substantial deference (*McClain*, 121 Ill. 2d at 289), and unless the balance is strongly in favor of defendant, plaintiffs' choice of forum should rarely be disturbed (*Wieser*, 98 Ill. 2d at 366). Our review of the relevant factors reveals that the balance does not favor defendants' choice, and it definitely does not strongly favor defendants' choice. Defendants have failed to overcome the presumption in favor of plaintiffs' chosen forum.

We realize that it is not our task to determine whether the trial court exercised its discretion wisely, but rather to determine if that discretion has been abused. (*Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 503-04.) However, we conclude that the standards favoring plaintiffs' choice of forum, especially if the choice is plaintiffs' home forum, would have little meaning if defendants were permitted to defeat that choice on the facts presented in this case, and the trial court's order must be reversed and the cause remanded.

■ Finally, we must address a question raised by the briefs in this case. The question is whether the fact that the two Illinois plaintiffs are not residents of Kane County, the county in which they filed their suit, and the fact that the litigation has few, if any, connections

with Kane County is relevant to an interstate *forum non conveniens* motion. Defendants have alleged that the litigation has few connections with Kane County and have made much of the fact that the Illinois plaintiffs are residents of Cook County and Du Page County. They contend that since plaintiffs are not residents of Kane County, they have not sued in their "home forum" and their choice of forum, therefore, is not deserving of substantial deference. We disagree.

Defendants' motion to dismiss was based on *inter*state *forum non conveniens*; the issue to be addressed on such a motion is whether the more appropriate forum is outside Illinois. The focus is on Illinois' connections with the litigation. For purposes of such a motion, the "home forum" of the Illinois residents is Illinois. If defendants feel that there is another county in Illinois that might provide a more appropriate forum for this action, they are free to file an *intra*state *forum non conveniens* motion and to request a transfer of the action to that county.

The judgment of the circuit court of Kane County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

McLAREN, J., concurs.

JUSTICE GEIGER, dissenting:

I respectfully dissent. As the majority notes, the role of the court in this case is to determine whether the trial court abused its broad discretion in ruling that Kane County, Illinois, was *forum non conveniens* for this action. (See *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 288.) I believe that the facts of this case support the finding of the trial court, and I would find no abuse of discretion and would affirm.

This case is based on an automobile accident that occurred in Arizona. One of the three plaintiffs is an Arizona resident. The one individual defendant and all the several corporate defendants are residents of Arizona. The only Illinois connections noted by the majority are that two of the plaintiffs, although injured in Arizona, are Illinois residents and that the plaintiffs were treated for their injuries both in Arizona and Illinois. Given the overwhelmingly strong connection between the facts of this case and State of Arizona, I find no basis to find that the trial court lacked discretion to find that for *forum non conveniens* reasons the action should be tried in Arizona.

The majority cites a rule that, unless the balance strongly favors the defendant, the plaintiff's choice of forum rarely should be disturbed, particularly if the chosen forum is the plaintiff's home forum. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 366.) However, that law is not persuasive in this case. Even ignoring the fact that Kane County is not home for any of the plaintiffs, because Illinois is not the home for all of the plaintiffs, their choice of an Illinois forum is entitled to less deference than it might otherwise be. See *Wieser*, 98 Ill. 2d at 367.

Here, despite the majority's suggestion to the contrary, an Arizona trial provides the plaintiffs a clear benefit. Although they may be capable of compelling testimony in Illinois from their own Arizona witnesses, it is clear that they bear a significantly greater burden if they must do so. Furthermore, although the agreed application of Arizona law does not dictate an Arizona forum, it clearly weighs in favor of that choice. That is especially so here where Illinois has no particularly strong connection to the case and Arizona, in contrast, does.

It was the trial court's obligation to weigh all the factors related to whether to decline jurisdiction on *forum non conveniens* grounds. Considering the circumstances here, the court's determination was within its broad discretion. It should not be disturbed.