OPINION OF THE COURT
Alan D. Oshrin, J.
At some unknown time, Christina Ferrentino opened an account at the Dime Savings Bank (hereinafter The Dime) branch at Walt Whitman Shopping Center, Huntington Station, New York. The account number 107-5395575 was in the name of Christina Ferrentino, as trustee for James Ferrentino. Christina Ferrentino died on July 24, 1992. At the time of Christina Ferrentino’s death the account contained the sum of $101,729.19.
On September 2, 1992 Mary Arena withdrew the funds from this trust account by utilizing an individual power of attorney (on a Dime form) dated May 9, 1992. The funds were placed in two accounts numbered 70281145 and 07705440961 opened by Mary Arena. These accounts have been "frozen” by The Dime until resolution of the litigation.
"In trust for” accounts of this nature are known as Totten Trusts and are governed by EPTL 7-5.2 et seq. EPTL 7-5.2 (4) provides that "[i]f the beneficiary survives the depositor, and the depositor’s will contains no provision revoking, terminating or modifying the trust account * * * the trust shall terminate and title to the funds vest in the beneficiary free and clear of the trust”. There being evidence that Christina Ferrentino had executed a will, but no evidence that there was a term affecting the "in trust for” account for James Ferrentino, by operation of law, upon the death of Christina Ferrentino the trust terminated and title to the funds vested in James Ferrentino as beneficiary (see, Matter of Berson, 170 AD2d 504 [1991]). At the time of the September 2nd transfer, therefore, the funds were the property of James Ferrentino and no other.
With respect to the power of attorney, an attorney-in- *692 fact is merely a special type of agent and the death of the principal revokes the authority of the agent and the power of the attorney (see, Etterle v Excelsior Ins. Co., 74 AD2d 436 [1980]; New York Life Ins. Co. v Estate of Haelen, 137 Misc 2d 639 [1987]). Upon the death of Christina Ferrentino, therefore, the power of attorney in favor of Mary Arena was revoked by operation of law, and Mary Arena had no authority to act on behalf of the decedent. At the time of the transfer, the money in account No. 107-5395575 was the property of James Ferrentino. Upon the death of Christina Ferrentino, Mary Arena had no authority over the accounts of Christina Ferrentino in The Dime.
The Dime’s argument that it is relieved of responsibility or liability from acting upon the power of attorney under section 5-1504 (3) of the General Obligations Law and under paragraph 6 of the power of attorney (on its own form) are without merit. Section 5-1504 (3) provides that no banking institution receiving a statutory short form power of attorney shall incur liability by acting upon the authority thereof, unless the institution has received written notice of the revocation or termination of such power of attorney. Paragraph 6 of the power of attorney provides that revocation or termination of the power of attorney is ineffective against the bank until actual notice is received by the bank. First, section 5-1504 concerns the statutory short form power of attorney (see, General Obligations Law § 5-1501) and the power of attorney at issue is not such a statutory short form power of attorney. Both section 5-1504 (3) of the General Obligations Law and paragraph 6 of the power of attorney must be read to be limited to voluntary acts of revocation or termination by a living grantor and cannot be said to include a revocation by operation of law upon the death of the grantor. This is particularly so, where, as here, title to the subject monies passed to the beneficiary of the trust account, automatically upon the grantor’s death (see, EPTL 7-5.2 [4]). To require a written notice of revocation or termination of a power of attorney upon the death of the grantor in the case at bar would contravene the common law as to revocation of a power of attorney by operation of law upon the death of the grantor as well as the EPTL’s provision regarding Totten Trusts and the automatic transfer of title to monies to the beneficiary upon the death of the grantor. For this court to find otherwise would require a legislative amendment to EPTL 7-5.2 (4).
Additionally, Claire Poole, a sister of James Ferrentino, and *693 the daughter of Christina Ferrentino, states in her affidavit that she contacted The Dime on July 28, 1992 regarding the death of her mother and the transfer of the account to her brother; that on July 31, 1992 she wrote The Dime regarding the death of her mother and the freezing of accounts; and that during the first week of August 1992, she received a telephone call from S. Ross, a woman who identified herself as a spokesperson for The Dime, who advised her as to what was necessary to transfer the account to her brother. Upon these telephone calls and correspondence, The Dime was aware of Christina Ferrentino’s death and such information should have reached the Walt Whitman Shopping Center branch office in the normal course of business.
The monies in account No. 107-5395575 having become the property of James Ferrentino upon the death of Christina Ferrentino, and the power of attorney having been revoked upon the death of Christina Ferrentino, and Mary Arena having no authority to act on behalf of Christina Ferrentino on September 2, 1992, The Dime improperly allowed the transfer of such monies to the newly opened accounts in the name of Mary Arena. Accordingly, the sum of $101,729.19, together with any interest accrued thereon, from September 2, 1992 to date, are properly the property of James Ferrentino and shall be returned to James Ferrentino in accordance with the court’s direction herein.