Thomas A. Bryan and PROPERTY & CASUALTY SUBROGATION GROUP, LLC, Plaintiffs,

against
Kate Moor a/k/a KATE MORTELL a/k/a KATE KAPLAN, CRYSTAL MOOR a/k/a CRYSTAL MORTELL, WILLIAM DENBERG, ASK 4 REPORTS, LLC, CAROL DENBERG and D VADER LTD, Defendants.


17528-10

THOMAS A. BRYAN, ESQ., P.C.
Plaintiff Pro Se
485 Seven Ponds Towd Road
Water Mill, New York 11976
NIXON PEABODY LLP
Attorneys for Defendant William Denberg
50 Jericho Quadrangle, Suite 300
Jericho, New York 11753
SALVATORE A. LECCI, ESQ.
Attorney for Carol Denberg
420 Jericho Turnpike, Suite 205
Jericho, New York 11753


Elizabeth H. Emerson, J.

Upon the following papers numbered 1-23 read on this motionto lift stay ; Notice of Motion and supporting papers1-5 ; Notice of Cross Motion and supporting papers; Answering Affidavits and supporting papers6-7; 8-21 ; Replying Affidavits and supporting papers22-23 ; it is,
ORDERED that this motion by the plaintiffs, inter alia, for an order lifting the stay of this action is denied. 
This action was commenced on May 7, 2010. On January 17, 2015, the defendant Crystal Moor died intestate. By an order of this court dated November 24, 2015, the action was staying pending the appointment and substitution of a personal representative for the deceased defendant. On February 7, 2019, Crystal Moor's daughter, the defendant Kate Kaplan, entered into a stipulation of settlement with the plaintiffs in which they agreed to settle and release all claims and causes of action against Crystal Moor and her estate for the sum of one dollar. The plaintiffs move for an order lifting the stay, approving the settlement, discontinuing the action against Crystal Moor, and amending the caption by deleting her name therefrom and the name of
her daughter, with whom they settled earlier. In support thereof, the plaintiffs submit the stipulation of settlement and a power of attorney dated June 12, 2014, appointing Kate Kaplan as Crystal Moor's attorney-in-fact. The plaintiffs do not submit any letters appointing Kate Kaplan as a fiduciary to act on behalf of the estate of her deceased mother. Instead, they rely on Kate Kaplan's status as Crystal Moor's next-of-kin and attorney-in-fact. They argue that, pursuant to CPLR 3217 (b), the court may discontinue the action "upon terms and conditions, as the court deems proper." They contend that discontinuance is proper in this case because Crystal Moor never appeared in the action, and there are no cross claims against her.
Preliminarily, the court notes that the language of CPLR 3217 (b) upon which the plaintiffs rely allows the court to impose conditions on a discontinuance, such as imposing costs on the plaintiff or requiring the plaintiff to compensate the defendant for his or her attorney's fees (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:13). It does not, as the plaintiffs seems to suggest, allow the court to disregard CPLR 1015 (a), which provides, "If a party dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties [emphasis added]."
The law in New York is that, absent extraordinary circumstances, even a party who is the sole beneficiary of an estate cannot act on behalf of the estate or exercise a fiduciary's rights with respect to estate property (Schoeps v Andrew Lloyd Webber Art Found., 66 AD3d 137, 140). The appropriate avenue is to be appointed a representative pursuant to the requirements of the EPTL (Id. at 140-141; see also, Stallsworth v Stallsworth, 138 AD3d 1102, 1102-1103). The plaintiffs proffer no reason why no one has sought the appointment of an administrator for Crystal Moor's estate. If Crystal Moor's survivors have delayed seeking the appointment of an administrator, the plaintiffs can take the initiative and seek such appointment pursuant to SCPA 1002 (see, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1021:1).
With respect to the power of attorney, an attorney-in-fact is merely a special type of agent, and the death of the principal revokes the authority of the agent and the power of attorney (see, General Obligations Law§5-1511; Ferrentino v Dime Sav. Bank of NY, 159 Misc 2d 690). Therefore, upon the death of Crystal Moor, the power of attorney in favor of Kate Kaplan was revoked by operation of law, and Kate Kaplan had no authority to act on behalf of her mother (Id.). Accordingly, Kate Kaplan had no authority to settle the plaintiffs claims against Crystal Moor; and, not having been appointed the administrator of Crystal Moor's estate, she had [*2]no authority to settle any claims against the estate. 
In view of the foregoing, the court declines to lift the stay. Until a proper substitution has been made, the court is without jurisdiction to conduct any proceedings in this action (see, Giroux v Dunlop Tire Corp., 16 AD3d 1068; Noriega v Presbyterian Hosp. in the City of New York, 305 AD2d 220, 221). Accordingly, the motion is denied.
Dated:September 24, 2019 
J.S.C.