THE COUNTY OF PEORIA, Plaintiff-Appellant and Cross-Appellee, v. AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, COUNCIL 31, AFL-CIO, *et al.*, Defendants-Appellees and Cross-Appellants (Anthony V. Sinicropi, Arbitrator, Defendant).

Third District No. 3—87—0157

Opinion filed March 9, 1988.

Roberta L. Szydlowski, Assistant State's Attorney, of Peoria, for appellant.

Thomas J. Edstrom, of American Federation of State, County and Municipal Employees, AFL-CIO, of Springfield, and Kirschner, Weinberg &

Dempsey, of Washington, D.C. (Craig Becker, of counsel), for appellee American Federation of State, County and Municipal Employees, Council 31, AFL-CIO, Local 2661.

JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the County of Peoria, Illinois (County), from an order of dismissal with prejudice of a complaint for declaratory judgment, the defendants in said action being the American Federation of State, County and Municipal Employees, Council 31, AFL-CIO, *et al.* (AFSCME).

In 1984 the jailers at the county jail chose AFSCME to be their exclusive bargaining representative. The County and AFSCME entered into negotiations in an attempt to arrive at a written contract concerning the terms and conditions of the employment relationship between the jailers and the County. Agreement was reached on certain items but there was a failure in negotiating all items of an agreement.

In September 1985, the County and AFSCME sought the services of an arbitrator. They mutually chose Anthony Sinicropi, an independent arbitrator. After the County and AFSCME had presented their respective positions to the arbitrator, he (the arbitrator) rendered his initial decision in February 1986 on all items presented to him. The County presented the arbitrator's decision to its governing body, the county board of supervisors. The county board rejected three of the items decided by the arbitrator.

The County and AFSCME returned to the arbitrator for further proceedings. On July 2, 1986, the arbitrator affirmed his earlier award. The county board, on July 8, 1986, again rejected the arbitrator's award concerning salaries and wages and the arbitrator's interpretation of the statute (Ill. Rev. Stat. 1985, ch. 48, par. 1614).

On October 1, 1987, the County filed a two-count complaint in the circuit court of Peoria County. Count I sought a declaratory judgment relative to the arbitrator's interpretation of the result of an employer's rejection of an award and as to the nature of supplementary proceedings. Count II sought judicial review of the rejected substantive salary/wage decision of the arbitrator.

Subsequent to the filing of various motions and memoranda by the parties, the circuit court entered an order on January 14, 1987, which found that the County's action was not filed within the time limit prescribed by the Illinois Public Labor Relations Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 1614(k)).

The Act provides that petitions for review of orders of arbitration shall be filed with the appropriate court within 90 days following the issuance of the arbitration order. (Ill. Rev. Stat. 1985, ch. 48, par. 1614(k).) In the instant case there is no dispute concerning the fact that the arbitration award was issued on July 2, 1986, and that the County's petition was filed on October 1, 1986. The circuit court found that the petition was filed one day too late and was subject to dismissal.

The County argues that the term "issue" requires delivery and receipt and that the time limitation should not have commenced running until July 3, 1986, the date that the arbitrator's award was received by the County.

■ We disagree with the County's argument. The term "issue" is defined to mean to publish, put forth, circulate and to give out publicly or officially. (See Webster's Second College Dictionary (1972 ed.).) Though the result may appear harsh, we are not inclined to distort the clear meaning of the word "issuance." The County acknowledges by stating in its complaint that on or about July 2, 1986, a second decision was issued by the arbitrator.

■ There is no dearth of instances where Federal and State courts have dismissed actions seeking to challenge arbitration awards which were filed after the running of the applicable statute of limitations. (See *Western Kraft East, Inc. v. United Paperworkers International Union, Local 375* (E.D. Pa. 1982), 531 F. Supp. 666; *Tung v. W. T. Cabe U Co.* (D.C. 1985), 492 A.2d 267.) Federal and State policy fosters the rapid disposition of labor disputes. (See *International Union, UAW, AFL-CIO v. Hossier Cardinal Corp.* (1966), 383 U.S. 696, 16 L. Ed. 2d 192, 86 S. Ct. 1107; *United Parcel Service, Inc. v. Mitchell* (1981), 451 U.S. 56, 67 L. Ed. 2d 732, 101 S. Ct. 1559.) The County's petition for review of the award was not timely filed and the same was correctly dismissed by the circuit court.

■ Having failed to meet the limitation period of the Public Labor Relations Act pertaining to review of arbitration awards, the County attempts to challenge the award by utilizing a declaratory judgment action. We deem this effort to be of no merit. If the County can challenge the award by seeking a declaratory judgment, then all statutes of limitation would become meaningless and would have no force and effect. *Knox v. North American Car Corp.* (1980), 80 Ill. App. 3d 683, 399 N.E.2d 1355.

■ The County further argues that the circuit court erred when it affirmed an order or award of an arbitrator. We agree. The circuit court never reached the merits of the award since the suit was dis-

missed as being untimely filed. The suit became a nullity. Accordingly, the County's rejection of the arbitrator's decision should stand. The circuit court erred in affirming a rejected award.

■ Lastly, the County argues that costs were improperly assessed against it. The trial court determined the petition of the County to be frivolous and assessed costs against the County pursuant to section 14(k) of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 1614(k)). This statutory provision further authorizes an award of attorney fees to the successful party if an action is found to be frivolous. The defendant AFSCME is entitled to an award of attorney fees. (*Dreis & Krump Manufacturing Co. v. International Association of Machinists & Aerospace Workers, District No. 8* (7th Cir. 1986), 802 F.2d 247.) In *Dreis* the Seventh Circuit awarded fees to a union when an employer attempted to challenge an arbitration award after the running of the statute of limitations. The Seventh Circuit ruled that the employer's subjective motions were irrelevant and that the company should have realized that its suit was barred by the statute of limitations. The Court of Appeals concluded that the company's attack on the award was frivolous, thus entitling the union to attorney fees. We hold likewise in the instant case. The circuit court correctly awarded costs and should have also awarded attorney fees to defendant unions.

For the reasons stated, the judgment of the circuit court is affirmed except as to its affirmance of a rejected award and its denial of an award of attorney fees. This case is remanded to the circuit court of Peoria County with directions to enter an order granting reasonable attorney fees to the defendant unions.

Affirmed in part; reversed in part and remanded with directions.

HEIPLE and STOUDER, JJ., concur.