JOHN B. MAZUR *et al.*, Plaintiffs-Appellees, v. QUARTERS DESIGNS, INC., Defendant (American Arbitration Association *et al.*, Defendants-Appellants).

Third District No. 3—92—0923

Opinion filed July 23, 1993.—Modified on denial of
rehearing September 14, 1993.

Miller, Shakman, Hamilton & Kurtzon, of Chicago (Geraldine Soat Brown, of counsel), for appellants.

Timothy J. Rathbun, of McKeown Law Office, of Joliet (Gary S. Mueller, of counsel), for appellees.

JUSTICE BARRY delivered the opinion of the court:

The American Arbitration Association (AAA) and John F. Dobler, both defendants herein, have been granted leave to appeal from an order of the circuit court of Will County denying their motion for a change of venue from Will County to Cook County. We reverse.

The underlying dispute in this litigation involved the allegedly defective interior design work done by a third defendant, Quarters Designs, for plaintiff John B. Mazur's neurosurgery premises located in Kane County. The contract between Mazur and Quarters Designs required any disputes to be submitted to arbitration pursuant to the rules of AAA. In accordance with those rules, an arbitration hearing

was held in Cook County before Dobler, the arbitrator, and resulted in an award of $9,635 against Mazur. He subsequently filed a five-count complaint in Will County.

Counts I and II sought to vacate the arbitration award, and count III requested modification of the award. Count IV sought declaratory judgment declaring that the award not be enforced, and count V asserted an action for professional negligence. Count V was solely against Quarters Design, while the other four counts named all three defendants. Each of the five counts included an allegation that it was brought pursuant to the Uniform Arbitration Act (Ill. Rev. Stat. 1991, ch. 10, par. 101 *et seq.*).

Defendants AAA and Dobler filed a motion to transfer this cause to Cook County pursuant to the venue provision of the Uniform Arbitration Act (Ill. Rev. Stat. 1991, ch. 10, par. 117 (now 710 ILCS 5/17 (West 1992))), which provides that actions to vacate or modify awards shall be filed in the county in which the hearing was held. The trial court denied defendants' motion. AAA and Dobler filed a motion to reconsider and a second motion to transfer venue, this one based on *forum non conveniens*, and both of these motions were denied as well.

Quarters Design also filed a motion to transfer venue which was denied, but no appeal was taken from that ruling.

The determinative question on appeal is whether the trial court erred in refusing to apply the special venue provision of the Uniform Arbitration Act instead of the general venue provisions of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—101 *et seq.* (now 735 ILCS 5/2—101 *et seq.* (West 1992))). The trial court presumably accepted plaintiff's view that where a complaint has multiple venues available, plaintiff can select the forum of his choice. Plaintiff argues that AAA does business in Will County, that the declaratory judgment action against AAA is not covered by the Uniform Arbitration Act, and, therefore, that Will County was an appropriate choice of venue for the entire action.

Plaintiff admits that the causes of action set out in counts I, II, and III of the complaint, standing alone, come within the Uniform Arbitration Act provision specifying the county of hearing (here, Cook County) to be the only proper venue. Count V against Quarters Design is not involved in this appeal, and plaintiff does not argue that the correctness of the trial court order hinges upon count V. However, plaintiff does insist that Will County was a proper venue for count IV, the declaratory judgment count, because AAA does business in Will County and that it was therefore proper to file the complaint in Will County. AAA denies that it does business in Will County for purposes

of venue determination since it has no office or place of business in Will County.

Of particular significance is the fact that count IV itself asserts that it is brought pursuant to the Uniform Arbitration Act, and certainly the relief sought requires a setting aside of the arbitration award. Thus, on its face, the declaratory judgment pleading is subject to the venue requirement of the Uniform Arbitration Act. The same is true of count V.

In addition, it is a settled rule of statutory construction that a particular statutory enactment will prevail as against general provisions on the same subject. (*People ex rel. Myers v. Pennsylvania R.R. Co.* (1960), 19 Ill. 2d 122, 166 N.E.2d 86.) In *Harrell v. Board of Trustees of Southern Illinois University* (1977), 48 Ill. App. 3d 319, 362 N.E.2d 441, the provision now contained in section 2—101 of the Code of Civil Procedure was held to be a general venue provision which gave way before a more specific statutory provision. Accordingly, the specific venue provision of the Arbitration Act must prevail over the general venue provision of section 2—101.

Furthermore, pleading a declaratory judgment action cannot be utilized as an indirect means of challenging an arbitration award in a county where a direct challenge would be improper. To hold otherwise would render the venue statute meaningless and of no effect. *Cf., County of Peoria v. American Federation of State, County & Municipal Employees, Council 31* (1988), 167 Ill. App. 3d 247, 521 N.E.2d 151.

Plaintiff argues that the standard of review is whether the trial court abused its discretion in denying the change of venue, and that the test for ordering a change is whether the relevant factors favor a change, using a *forum non conveniens* analysis. (See, *e.g., Cook v. General Electric Co.* (1992), 146 Ill. 2d 548, 588 N.E.2d 1087.) We believe that the doctrine of *forum non conveniens* does not supercede the applicable statute specifying venue for this case. Here the court erred as a matter of law in not recognizing that the Uniform Arbitration Act controls the venue of this litigation. The analysis used for determining *forum non conveniens* is not applicable here. Furthermore, none of the parties have a place of business in Will County, and none of the disputed transaction took place in Will County.

For the reasons stated, we conclude that the trial court erred in denying defendants' motion for a transfer of this cause to Cook County pursuant to the Uniform Arbitration Act. We reverse and remand with directions to order such a transfer. Pursuant to our authority to make any order that ought to have been made or given (134

Ill. 2d R. 366(a)(5)), we direct that all five counts of the complaint be transferred to Cook County.

Reversed and remanded with directions.

BRESLIN and LYTTON, JJ., concur.