(text box: 1) NO. 5-01-0778

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

STEVEN FOLEY and RUTH FOLEY, )  Appeal from the

)  Circuit Court of

     Plaintiffs-Appellees, )  St. Clair County.

)

v. )  No. 01-LM-2063

)

FRANK GREER d/b/a INSPECTIONS BY ) 

REQUEST, INC., )  Honorable

)  Jan V. Fiss,

     Defendant-Appellant. )  Judge, presiding.

________________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

We allowed the defendant's request to file this interlocutory appeal on the basis of Supreme Court Rule 306(a)(4) (166 Ill. 2d. R. 306(a)(4)).  Because of the unique circumstances of this case, the question whether this case fits within the wording of that rule, and thus whether or not we have jurisdiction to hear this case, requires us to initially determine the issue on appeal itself.  Only by resolving the ultimate issue can we determine if this case meets the wording of Rule 306(a)(4).

Steven and Ruth Foley arrived in the Metro-East area in late 1997 by way of a United States Air Force transfer.  In searching for a home in which to live, they located a 100-year-old candidate in the town of Lebanon.  Prior to signing the purchase contract, the Foleys sought the counsel of a home inspector.  The Foleys selected Inspections by Request, Inc.  Inspections by Request, Inc., is not incorporated, despite its corporate designation, but is operated by Frank Greer, using the business name Inspections by Request, Inc.  Frank Greer presented the Foleys with a contract.  The contract, labeled an "Inspection Agreement," was a form contract.  The parties to the contract were Inspections by Request, Inc., and the Foleys.  Frank Greer signed the contract on behalf of Inspections by Request, Inc., as an "Inspector."  The Foleys paid $155 for an initial inspection and $65 for a follow-up inspection.  The agreement provided that the inspector would conduct "a visual inspection of the readily accessible portions of the building" at issue and its major systems.  The agreement provides that liability was limited to the lesser of the actual damages sustained or the amount of money paid for the inspection.  In the middle of this form contract, an arbitration-clause notice was highlighted in boldface type and in capital letters.  By the clause, the parties agreed "to arbitrate any claim which may arise out of the performance of the Agreement."  

Following his inspections, Frank Greer provided the Foleys with a verbal and written report indicating that he found no significant structural or material defects with the house.  The Foleys purchased the home.  Thereafter, various problems were discovered.  The Foleys felt that these problems should have been found during the inspection, so that they could have made a better-informed decision of whether or not to purchase the home.  The Foleys contend that if they had known about these problems, they would not have purchased the home.  The Foleys claim damages as a result of necessary repairs, as well as the loss in the value of the home.  

The Foleys made a claim with Inspections by Request, Inc., for their damages.  Upon his receipt and review of the Foleys' claim, Frank Greer offered the Foleys a full refund of the amounts they paid.  That offer was refused.  Because the agreement called for arbitration, the Foleys submitted the case to arbitration.  On May 10, 2000, the case was arbitrated before attorney Irv Slate in his Granite City, Illinois, office.  Granite City is located in Madison County.

There is some confusion regarding whether arbitrator Irv Slate was informed to hold off on his decision because the parties were working to settle the claim on their own.  In any event, after nine months of waiting for a decision, the Foleys decided to go ahead and file a civil complaint for damages in the St. Clair County circuit court.  The complaint was filed on February 21, 2001.  On February 22, 2001, Irv Slate issued his opinion, in which he found in favor of Inspections by Request, Inc.  On April 5, 2001, the Foleys filed an amended complaint, in which they acknowledge the arbitration order.  Without specifically asking for the arbitration order to be set aside, they argue that Irv Slate's neutrality was suspect and that he should not have been allowed to enter an order so long after the case was argued–especially after the Foleys sent Irv Slate a letter indicating that he might have committed malpractice by his delay.

In response to the amended complaint, Frank Greer filed a motion to transfer venue from St. Clair County to Madison County, in accordance with section 17 of the Uniform Arbitration Act (710 ILCS 5/17 (West 1998)).  On August 28, 2001, the trial court denied this motion.  On September 28, 2001, Frank Greer filed a petition in this court, pursuant to Rule 306(a)(4), seeking leave to appeal from the August 28, 2001, order.  We granted this petition on November 19, 2001.

The Foleys argue that, jurisdictionally speaking, we should not have allowed this interlocutory appeal.  They argue that Rule 306(a)(4) only allows appeals from a circuit court order denying a motion for a transfer of venue if the defendant is not a resident of the county in which the action was commenced and if there is no other legitimate basis for venue in that county.  There is no dispute that Frank Greer does not live in St. Clair County.  In keeping with the general venue statute, the Foleys claim that their case was properly filed in St. Clair County.  The general venue statute provides that every action should be filed in either the county where the defendant resides or the county in which the transaction occurred from which the cause of action arose.  735 ILCS 5/2-101 (West 1998).  Because the inspection occurred in St. Clair County and the contract was entered into in St. Clair County, the Foleys argue that their choice of venue was proper.  The Foleys claim that because there is a legitimate basis for St. Clair County venue, this interlocutory appeal should have been disallowed.  Frank Greer responds that the Foleys did not have a legitimate basis for St. Clair County venue.  He argues that the Uniform Arbitration Act contains a specific, controlling venue requirement, the application of which places venue in Madison County.  See 710 ILCS 5/17 (West 1998).

The appropriateness of this interlocutory appeal requires the resolution of the ultimate issue raised in this appeal.  Does the arbitration venue statute take precedence over the general venue statute?  If it does, then the Foleys did not have a legitimate basis for claiming St. Clair County venue and the trial court's denial of the motion to transfer venue to Madison County would have been erroneous.

The Uniform Arbitration Act provides that court actions should be filed in the county in which a previous arbitration hearing was held.  710 ILCS 5/17 (West 1998).  In the only case directly on point, the court held that this specific venue statute controlled in a situation where the specific venue statute was in conflict with the general venue statute.  See 
Mazur v. Quarters Designs, Inc.
, 248 Ill. App. 3d 873, 875, 619 N.E.2d 763, 764 (1993).  The third district appellate court based its decision on the accepted rule of statutory construction that a specific statute prevails over a general statute where both relate to the same subject.  
Mazur
, 248 Ill. App. 3d at 875, 619 N.E.2d at 764 (citing 
People ex rel. Myers v. Pennsylvania R.R. Co.
, 19 Ill. 2d 122, 166 N.E.2d 86 (1960)).

We agree with the holding of 
Mazur v. Quarters Designs, Inc.
  We conclude that because the matter was arbitrated in Madison County, any related claim filed in the circuit court must also be filed in Madison County.

Before we reach the conclusion that the trial court erred in refusing to transfer this case to Madison County, we address arguments raised by the Foleys for the first time on appeal. 

The Foleys contend that Frank Greer was not a party to the arbitration itself and that therefore this suit cannot be deemed a "contest" of the arbitration that would require compliance with the Uniform Arbitration Act venue provision.  On a similar note, the Foleys alternatively argue that Frank Greer was not a party to the inspection contract containing the arbitration clause, rendering the contract unenforceable, and thus that this suit has nothing to do with the arbitration.  In short, the Foleys are seeking a loophole–an endeavor which, under these circumstances, is perfectly understandable.  The problem with these arguments is that they are contradicted by the very language of the Foleys' complaint.  The lawsuit pits the Foleys against Frank Greer, the individual.  Frank Greer is sued as an individual who is doing business under the name Inspections by Request, Inc.  The complaint alleges that the Foleys contracted with the defendant–Frank Greer.  Attached to the complaint is a copy of the contract the Foleys entered into with Inspections by Request, Inc.  The Foleys and Frank Greer, in his capacity as an inspector for Inspections by Request, Inc., signed this contract.  The Foleys further allege that they demanded that the disagreement be arbitrated in compliance with this contract.  The Foleys acknowledge that "the parties" submitted the case to arbitration and that both "parties" offered evidence at the hearing.  The only two parties to this action are the Foleys and Frank Greer doing business as Inspections by Request, Inc.  The argument that Frank Greer was not a party to the arbitration or to the arbitration agreement is unpersuasive.

In another argument raised for the first time in this appeal, the Foleys claim that the inspection contract containing the arbitration clause should be declared invalid because of the confusion about whether Inspections by Request, Inc., was a corporation or an individual doing business under that trade name.  Regarding the complaint itself, it would appear that there was no confusion.  Frank Greer was sued as an individual who does business under the name Inspections by Request, Inc.  In reviewing the complaint, we found no allegations that the manner or form in which Frank Greer conducted his business in any way misled, deceived, or defrauded the Foleys relative to the inspection or entering into the inspection contract.

Underlying all of these arguments is the theory that the Foleys' complaint does not involve the arbitration decision.  In other words, the Foleys argue that they are not asking the court to set aside the arbitration decision.  If they were seeking to invalidate that decision, then venue clearly lies in Madison County, where that arbitration took place.  The argument is somewhat disingenuous.  Even if not expressly stated, the relief sought on each of the issues raised for the first time on this appeal involves invalidating the arbitration agreement.  Invalidating that agreement is a matter governed by the Uniform Arbitration Act.  Furthermore, the complaint is replete with references to the arbitration, the arbitration hearing, the arbitrator, and the arbitrator's decision.  The only way that relief can be obtained at this point, given the existence of an arbitration decision, is to have that decision set aside.  Whether or not the Foleys expressly state this intent, the intent is implied by the facts and the allegations of the complaint.

We conclude that the judgment of the circuit court of St. Clair County must be reversed and the cause remanded with directions to transfer this cause to Madison County.

Reversed; cause remanded with directions.

MAAG, P.J., and HOPKINS, J., concur.

                                      NO. 5-01-0778

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

STEVEN FOLEY and RUTH FOLEY, )  Appeal from the

)  Circuit Court of

     Plaintiffs-Appellees, )  St. Clair County.

)

v. )  No. 01-LM-2063

)

FRANK GREER d/b/a INSPECTIONS BY ) 

REQUEST, INC., )  Honorable

)  Jan V. Fiss,

     Defendant-Appellant. )  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: August 27, 2002

___________________________________________________________________________________

Justices
: Honorable Clyde L. Kuehn, J.

Honorable Gordon E. Maag, P.J., and

Honorable Terrence J. Hopkins, J.,

Concur

___________________________________________________________________________________

Attorney
 David L. Antognoli, Goldenberg, Miller, Heller & Antognoli, P.C., P.O. Box 959,

for
 2227 South State Route 157, Edwardsville, IL 62025

Appellant
 

___________________________________________________________________________________

Attorney
 Timothy J. Bates, 10 S. Jackson, Suite 200, Belleville, IL 62220

for
 

Appellees
 

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 08/27/02.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.