STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Petitioner-Appellee, v. BASSEM HAYEK, Respondent-Appellant.

Second District   No. 2—03—0582

Opinion filed July 9, 2004.

Thomas J. Lee and John E. Ryan, both of Thomas J. Lee, Ltd., and Alvin R. Becker, of Beermann, Swerdlove, Woloshin, Barezky, Becker & Genin, both of Chicago, for appellant.

James F. McCluskey, James P. Marsh, and Alison J. Lezak, all of Momkus, McCluskey, McAndrew & Monroe, L.L.C., of Downers Grove, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Respondent, Bassem Hayek, filed a petition for leave to appeal from an order of the circuit court of Du Page County denying his motion for a change of venue from Du Page County to Cook County. We granted the petition for leave to appeal, but now conclude that jurisdiction is lacking.

Petitioner, State Farm Mutual Automobile Insurance Company (State Farm), filed in the circuit court of Du Page County a petition to vacate an arbitration award against it and in favor of Hayek. The arbitration involved a dispute over the amount of underinsured motorist benefits that State Farm was required to pay Hayek on a claim arising out of an automobile accident. Following an arbitration hearing in Cook County, the arbitrators awarded Hayek $720,299. State Farm sought to vacate the award pursuant to section 12 of the Uniform Arbitration Act (Arbitration Act) (710 ILCS 5/12 (West 2002)), arguing that (1) the award was procured by undue means, (2) there was evidence of partiality by one of the arbitrators, (3) two of the arbitrators exceeded their powers by failing to review and consider material evidence, and (4) the award was entered in bad faith.

In response to State Farm's petition to vacate the award, Hayek moved to transfer venue from Du Page County to Cook County on the ground that the petition must be filed in the same county where the arbitration hearing was held. Section 17 of the Arbitration Act provides, in relevant part, that "[a]n initial application shall be made to the court of the county in which the agreement provides the arbitration hearing shall be held or, if the hearing has been held, in the county in which it was held." 710 ILCS 5/17 (West 2002). State Farm responded that venue was proper either in Cook County or in Du Page County, the county in which Hayek resides. The trial court agreed that venue was proper in Du Page County and denied the motion to transfer venue. Hayek filed a petition for leave to appeal pursuant to Supreme Court Rule 306(a)(4) (210 Ill. 2d R. 306(a)(4)), which we granted.

State Farm filed a motion to dismiss Hayek's appeal, asserting that jurisdiction is lacking because Hayek cannot meet the requirements of Rule 306(a)(4), which allows a party to petition for leave to appeal from an order "granting or denying a motion for a transfer of venue based on the assertion that the defendant is not a resident of the county in which the action was commenced, and no other

legitimate basis for venue in that county has been offered by the plaintiff." 210 Ill. 2d R. 306(a)(4). State Farm argues that the basis of Hayek's motion to transfer venue was not that he is not a resident of Du Page County and, therefore, Rule 306(a)(4) is not applicable in this case.

We denied State Farm's motion to dismiss the appeal for lack of jurisdiction. However, we have an ongoing, independent duty to consider our jurisdiction and to dismiss the appeal if jurisdiction is lacking. *Franson v. Micelli*, 172 Ill. 2d 352, 355 (1996). We conclude that our earlier denial of State Farm's motion was erroneous and that we do not have jurisdiction over Hayek's appeal.

Rule 306(a)(4) appears to correspond to the general venue provision of section 2—101 of the Code of Civil Procedure (Code) (735 ILCS 5/2—101 (West 2002)), which states that, generally, every action must be commenced either in the defendant's county of residence or in the county in which all or part of the transaction occurred that gave rise to the cause of action. Hayek's motion to transfer venue is based, not on the general venue provision, but on the venue provision of the Arbitration Act (710 ILCS 5/17 (West 2002)). The question we must decide is whether Rule 306(a)(4) may be read to encompass the instant motion to transfer venue, which is not based on the general venue provision.

Supreme court rules are construed in the same manner as statutes. Courts must give effect to the supreme court's intent by examining the language of the rule. *Ferguson v. Bill Berger Associates, Inc.*, 302 Ill. App. 3d 61, 68-69 (1998). If the language is clear and unambiguous, courts must give it effect and may not look to extrinsic aids for construction. *Ferguson*, 302 Ill. App. 3d at 69. Likewise, courts may not alter the rule or read into it exceptions or limitations, no matter how beneficial or desirable the result. *Ferguson*, 302 Ill. App. 3d at 69.

In *Ferguson*, the court held that it did not have jurisdiction over an appeal of a denial of the defendant's motion to transfer venue based on a contractual forum selection clause. The defendant in *Ferguson* moved to transfer venue from Cook County to a New York court. The court held that, because the defendant was seeking to transfer venue to another state rather than to another county in Illinois, Rule 306(a)(4), by its plain language, did not apply. *Ferguson*, 302 Ill. App. 3d at 69-70.

Similarly, it appears that the plain language of Rule 306(a)(4) precludes us from finding jurisdiction in the instant case. In order for Rule 306(a)(4) to apply, the defendant's motion to transfer venue must

be "based on the assertion that the defendant is not a resident of the county in which the action was commenced, and no other legitimate basis for venue in that county has been offered by the plaintiff." 210 Ill. 2d R. 306(a)(4). In this case, Hayek resides in Du Page County, where State Farm commenced its action. Hayek's motion to transfer venue was not based on the assertion that he is not a resident of Du Page County; instead, he asserted that venue should be in Cook County pursuant to the venue provision of the Arbitration Act. Allowing Hayek to appeal when his motion to transfer venue was based on a ground other than that specified in Rule 306(a)(4) would improperly expand the scope of the rule and usurp the supreme court's rulemaking authority. See *Ferguson*, 302 Ill. App. 3d at 69.

Hayek cites *Foley v. Greer*, 333 Ill. App. 3d 500 (2002), in support of his argument that jurisdiction is proper under Rule 306(a)(4). We find *Foley* to be inapposite. Like the case at bar, *Foley* involved the venue provision of the Arbitration Act. In addressing its jurisdiction, the court stated that it had to initially determine whether the arbitration statute took precedence over the general venue statute. The court determined that the arbitration venue provision superseded the general venue provision and that venue was proper in the county where the arbitration between the parties was held. *Foley*, 333 Ill. App. 3d at 503. The court never addressed, however, how a motion to transfer venue based on the arbitration venue provision falls within the ambit of Rule 306(a)(4). Furthermore, the defendant in *Foley* did not reside in the county where the cause of action was brought. Thus, the problem in the case before us was not an issue in *Foley*. Moreover, while the facts in *Foley* were such that the court could fit them within Rule 306(a)(4), we question whether it was logically consistent to apply Rule 306(a)(4) to the jurisdiction question after holding that the arbitration venue provision, rather than the general venue provision, was controlling.

It would seem to be desirable to allow interlocutory appeals from grants or denials of motions to transfer venue based on the Arbitration Act's venue provision, especially because the purpose of arbitration is to avoid the formality, delay, and expense of litigating in the court system (see *Advance Iron Works, Inc. v. ECD Lincolnshire Theater, L.L.C.*, 339 Ill. App. 3d 882, 886 (2003)). However, the decision of whether to expand Rule 306(a)(4) to allow such appeals lies within the province of the supreme court. We may not alter or expand the plain language of the rule, no matter how beneficial it may be to

do so. Consequently, we conclude that jurisdiction over Hayek's appeal is lacking, and we dismiss the appeal.

Appeal dismissed.

O'MALLEY, P.J., and CALLUM, J., concur.