NOTICE
Decision filed 07/12/22. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2022 IL App (5th) 210348

NO. 5-21-0348

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| HIGHLAND MANAGEMENT GROUP, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 21-L-13 |
| | ) | |
| SOCIETY INSURANCE, a Mutual Company, | ) | |
| and THE PILLAR CORPORATION, | ) | Honorable |
| | ) | Sarah D. Smith, |
| Defendants-Appellants. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court, with opinion.
Presiding Justice Boie and Justice Moore concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendants, Society Insurance (Society) and The Pillar Corporation (Pillar), filed this interlocutory appeal from the order of the circuit court of Madison County denying their motion to transfer venue based on the assertion that plaintiff, Highland Management Group, LLC (Highland Management), is not a Madison County resident. For the following reasons, we dismiss for lack of jurisdiction.

¶ 2                              I. BACKGROUND

¶ 3    We recite only the facts necessary for the disposition of this appeal. Highland Management, an Illinois limited liability company (LLC) that operates multiple gaming cafes throughout the state, hired Pillar, an insurance broker, to procure an insurance policy to protect its business operations. Pillar obtained an insurance policy from Society, a mutual insurance company, that

1

provided insurance coverage for Highland Management's business operations from August 1, 2019, to August 1, 2020.

¶ 4    On May 4, 2020, Highland Management submitted a claim for coverage under the insurance policy for losses sustained by the interruption of Highland Management's businesses as a result of executive orders issued by the Illinois governor in response to the COVID-19 pandemic. On September 18, 2020, Society sent Highland Management a denial of coverage letter, indicating that Society determined, based on its review of the policy and Highland Management's submission, the insurance policy provided no coverage for the claimed losses.

¶ 5    On January 7, 2021, Highland Management filed a complaint against Society, as its insurance producer, and Pillar, as its insurance broker, in the circuit court of Madison County. The complaint alleged various claims against Society and sought, *inter alia*, a declaratory judgment declaring that Highland Management was entitled to insurance coverage under its policy with Society for business income losses related to the governor's executive orders issued in response to the COVID-19 pandemic. The complaint also alleged an alternative claim for negligent failure to procure insurance against Pillar. Highland Management attached copies of the insurance policy and denial of coverage letter as exhibits to the complaint.

¶ 6    The complaint generally alleged that Highland Management's principal office and registered agent were located in Champaign County, Illinois. The complaint also alleged that venue was proper in Madison County, Illinois, pursuant to sections 2-101, 2-102, and 2-103 of the Code of Civil Procedure (Code) (735 ILCS 5/2-101, 2-102, 2-103 (West 2020)) because Highland Management's president and sole member, Jeff Rehberger, resided in Madison County.

¶ 7    On February 11, 2021, Pillar filed a motion to transfer for improper venue pursuant to section 2-104 of the Code. *Id.* § 2-104. Pillar asserted that there was "no statutory nexus between

2

Madison County *** and the subject and/or parties of this case which would permit venue in Madison County under Sections 5/2-102 and/or 5/2-103 of the Code." Pillar claimed that venue was not proper in Madison County under the preceding statutes because neither Society nor Pillar resided in Madison County and no part of the procurement of the insurance policy took place in Madison County. Specifically, Pillar asserted that Society issued the policy from its principal office in Fon du Lac, Wisconsin, and that Society sent the policy to Pillar's office in Will County, Illinois. Pillar then sent the policy to Highland Management's principal office in Champaign County. Pillar further asserted that Highland Management conducted no business in Madison County, given that none of the businesses covered under the insurance policy were located there. In support of its assertions, Pillar attached affidavits prepared by Shannon Rogers, Pillar's corporate secretary, and Julie Suemnicht, Society's commercial underwriter, along with the application and binder for the insurance policy.

¶ 8    Pillar further asserted that the residence of Highland Management's sole member, Rehberger, did not render venue proper in Madison County under section 2-103(e) of the Code. *Id.* § 2-103(e). Pillar claimed that Highland Management's principal office and registered agent were located in Champaign County, making Highland Management a resident of that county and venue proper there. In support, Pillar attached a copy of the official record of the Illinois Secretary of State's Office, which listed a Champaign County address for Highland Management's principal office and registered agent. Thus, Pillar requested that the circuit court transfer the cause from Madison County to Champaign County or any other such venue deemed appropriate by the court.

¶ 9    On May 13, 2021, Society filed a joinder of motion to transfer for improper venue filed by Pillar in the Madison County circuit court.[1] Society asserted that Pillar's motion to transfer

---

[1]The cause was removed to federal court on February 12, 2021, but remanded to the circuit court of Madison County on April 2, 2021.

3

demonstrated that venue in Madison County was improper pursuant to sections 2-102 and 2-103 of the Code. Society additionally alleged that it joined in Pillar's motion in lieu of filing its own motion.

¶ 10 On August 17, 2021, Highland Management filed a response in opposition to Pillar's motion to transfer for improper venue. Highland Management asserted that, pursuant to section 2-103(e), actions against insurance companies may be brought in any county where the plaintiff resides. Highland Management acknowledged that section 2-102 of the Code did not specify the residence of LLCs for purposes of venue but posited that LLCs most closely resembled partnerships and, thus, should be treated as such for purposes of venue. Highland Management noted that no Illinois law or case precedent contradicted its position. Accordingly, Highland Management, relying on section 2-102(b) of the Code, asserted that, similar to a partnership, it resided in any county where one of its members resided. Because Highland Management's sole member, Rehberger, resided in Madison County, Highland Management asserted that venue was proper in Madison County. Highland Management further asserted that it was unnecessary to "parse the issue of Mr. Rehberger's residence because Highland [Management] also maintain[ed] an office in Highland, Illinois such that there [were] multiple alternative bases for statutory venue in Madison County."

¶ 11 Highland Management attached an affidavit prepared by Rehberger in support of the assertions made in its response. Rehberger attested that he resided in Highland, Illinois, a city within Madison County, for over 20 years. In support, he attached his driver's license depicting a Madison County address. Rehberger attested that he was the president and sole member of Highland Management, and that information from the Illinois Secretary of State pertaining to Highland Management showed him as the sole manager and listed his Madison County address.

4

In support, Rehberger attached the documentation from the Secretary of State, which also listed a Champaign County address under "Entity Information" and "Agent Information." Rehberger attested that, although Highland Management maintained an office in Champaign County, Highland Management maintained an office in Madison County that was staffed by employee Letizia Lowe for the preceding seven years. He further attested that, at the time Highland Management filed suit against Society and Pillar, Highland Management maintained the office at 105 NW Manor in Highland, Illinois. Rehberger attested that the Highland Management office began operating from his home in Highland in May 2021, after the real estate at 105 NW Manor in Highland sold. Rehberger averred that the business activities of Highland Management remained the same despite the change of office address. He further attested that "[t]he bulk of the vendors utilized by [Highland Management] correspond[ed] and interact[ed] with the company through the office in Highland, Illinois." Rehberger attested that he attached to his affidavit examples of correspondence received by Highland Management at the Highland office, including a "Notice of Telephone Hearing" from the State of Illinois related to unemployment benefits and an invoice for payment related to a company car.[2] He additionally averred that "the Highland office maintains a drop box where local tenants may deposit rent checks which are subsequently collected by and processed through the Highland office."

¶ 12    On September 17, 2021, Pillar filed a reply in support of its motion to transfer for improper venue. Pillar reiterated in the reply that neither defendant resided in Madison County and that no part of the procurement of the insurance policy occurred in Madison County. Pillar also reiterated that the businesses covered under the policy were not located in Madison County. Pillar disagreed with Highland Management's assertion that an LLC equated to a partnership or voluntary

---

[2]The supporting record on appeal includes a photograph depicting the "Notice of Telephone Hearing" but does not include a copy of the invoice for payment related to a company car.

unincorporated association for purposes of venue, relying on various provisions set forth in the Limited Liability Company Act (Act) (805 ILCS 180/1-1 *et seq.* (West 2020)). Specifically, relying on section 10-10 of the Act (*id.* § 10-10), Pillar argued that, unlike general partners and members of for-profit voluntary unincorporated associations, the Act insulated members of an LLC from individual liability for the company's obligations. Pillar, quoting section 1-50 of the Act (*id.* § 1-50) and section 2-204 of the Code (735 ILCS 5/2-204 (West 2020)), additionally argued that, as with limited partnerships, service of process upon an LLC recognizes the entity's existence apart from its members and requires service upon " 'the registered agent appointed by the [LLC]' " and upon default of that appointment upon the Illinois Secretary of State.

¶ 13     Pillar further asserted that Rehberger's home office did not qualify as an "other office" for purposes of venue. Pillar claimed the Illinois Supreme Court, in *Tabirta v. Cummings*, 2020 IL 124798, held that "the home office/other office nexus was insufficient to satisfy the 'other office' prong of the statute." Pillar claimed that other than self-serving references to the use of the home office, there was no evidence showing that Highland Management held the home office out to its customers, patrons, suppliers, or other third parties as a location from which it actively pursued its business operations covered under the insurance policy.

¶ 14     On October 7, 2021, the circuit court held a hearing on the motion to transfer for improper venue. At the outset of the hearing, the court indicated that the primary issue was whether an LLC should be considered as a corporation or partnership under the venue statute. After the parties presented arguments consistent with their respective motions, the court stated as follows:

> "I think I agree with [Highland Management]. I know there's no case law directly
> on this. I don't believe [Pillar] has met their burden to demonstrate to me that—the business
> is named after Highland, the name of the corporation. [Highland Management]—I do

believe that a place of an LLC can reside in multiple counties as far as for purposes of venue. I am going to deny the motion. You can write that up."

Following the hearing, the court entered a written order denying the motion to transfer based on improper venue. The written order did not include any of the court's factual findings nor did it provide the basis or bases for the court's decision.

¶ 15 Pillar and Society filed timely petitions for leave to appeal from the circuit court's interlocutory order denying the motion to transfer for improper venue pursuant to Illinois Supreme Court Rule 306(a)(4) (eff. Oct. 1, 2020). This court subsequently granted both petitions.

¶ 16                                    II. ANALYSIS

¶ 17 Before turning to the merits, we must first consider our jurisdiction to entertain this interlocutory appeal. See *Franson v. Micelli*, 172 Ill. 2d 352, 355 (1996) (noting that a reviewing court has an independent duty to consider whether appellate jurisdiction is proper, even where the jurisdictional defect has not been raised by the parties). We acknowledge that this court granted Pillar and Society's petitions for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(4) (eff. Oct. 1, 2020); however, this court has an ongoing, independent duty to consider our jurisdiction and to dismiss the appeal if jurisdiction is lacking. See *Franson*, 172 Ill. 2d at 355.

¶ 18 Illinois Supreme Court Rule 306(a)(4) (eff. Oct. 1, 2020) provides that a party may petition for leave to appeal to the appellate court

> "from an order of the circuit court granting or denying a motion for a transfer of venue based on the assertion that the defendant is not a resident of the county in which the action was commenced, and no other legitimate basis for venue in that county has been offered by the plaintiff."

"Rule 306(a)(4) appears to correspond to the general venue provision of section 2-101 of the Code of Civil Procedure (Code) (735 ILCS 5/2-101 (West 2002)), which states that, generally, every action must be commenced either in the defendant's county of residence or in the county in which all or part of the transaction occurred that gave rise to the cause of action." *State Farm Mutual Automobile Insurance Co. v. Hayek*, 349 Ill. App. 3d 890, 892 (2004).

¶ 19 In the present case, however, the motion for transfer was based not on the general venue provision of section 2-101 of the Code but on the venue provision of section 2-103(e) of the Code. Unlike section 2-101, section 2-103(e) provides that actions against insurance companies doing business in Illinois may also be brought in any county in which the *plaintiff* resides. 735 ILCS 5/2-103(e) (West 2020). At issue is whether Rule 306(a)(4) may be read to encompass the instant motion to transfer venue, which was based on section 2-103(e), not the general venue provision of section 2-101.

¶ 20 "Supreme court rules are to be construed in the same manner as statutes." *Ferguson v. Bill Berger Associates, Inc.*, 302 Ill. App. 3d 61, 68 (1998) (citing Ill. S. Ct. R. 2, Committee Comments (rev. July 1, 1971)). "Thus, when construing supreme court rules, the court must ascertain and give effect to the intention of the supreme court by examining the language of the rules." *Id.* at 68-69 (citing *Killoren v. Racich*, 260 Ill. App. 3d 197, 198 (1994)). "If the language is clear and unambiguous, courts must give it effect and may not look to extrinsic aids for construction." *Hayek*, 349 Ill. App. 3d at 892 (citing *Ferguson*, 302 Ill. App. 3d at 69). "Likewise, courts may not alter the rule or read into it exceptions or limitations, no matter how beneficial or desirable the result." *Id.* (citing *Ferguson*, 302 Ill. App. 3d at 69).

¶ 21 In *Ferguson*, the appellate court concluded that it did not have jurisdiction over an appeal of the circuit court's denial of a defendant's motion to transfer venue based on a contractual forum

selection clause. 302 Ill. App. 3d at 69-70. In so concluding, the appellate court held that Rule 306(a)(4), by its plain language, did not apply because the defendant sought to transfer venue to another state rather than another county in Illinois. *Id.*

¶ 22    In *Hayek*, the appellate court concluded that it did not have jurisdiction over an appeal of the circuit court's denial of a defendant's motion to transfer venue based on the venue provision of the Uniform Arbitration Act (710 ILCS 5/17 (West 2002)). 349 Ill. App. 3d at 894. In so concluding, the appellate court noted that "[a]llowing [the defendant] to appeal when his motion to transfer venue was based on a ground other than that specified in Rule 306(a)(4) would improperly expand the scope of the rule and usurp the supreme court's rulemaking authority." *Id.* at 893. The appellate court further noted that, although it would seem desirable to allow interlocutory appeals from grants or denials of motions to transfer venue based on the Uniform Arbitration Act's venue provision, "the decision of whether to expand Rule 306(a)(4) to allow such appeals lies within the province of the supreme court." *Id.*

¶ 23    Similarly, here, the plain language of Rule 306(a)(4) precludes this court from finding jurisdiction over the instant appeal. In order for Rule 306(a)(4) to apply, the motion to transfer venue must be "based on the assertion that the *defendant* is not a resident of the county in which the action was commenced." (Emphasis added.) Ill. S. Ct. R. 306(a)(4) (eff. Oct. 1, 2020). Highland Management filed suit against Society and Pillar in Madison County pursuant to section 2-103, which provides that actions brought against insurance companies may be brought in any county where the *plaintiff* resides. The primary issues before the circuit court were (1) whether the residence of plaintiff Highland Management should be defined as a corporation or partnership under section 2-103 of the Code and (2) whether Highland Management maintained an "other office" in Madison County. Accordingly, the motion to transfer venue was based on the assertion

9

that *plaintiff* was not a resident of the county in which the action was commenced. Consequently, we conclude that appellate jurisdiction is lacking under Rule 306(a)(4).

¶ 24 We note, as did the court in *Hayek*, that the decision of whether to expand Rule 306(a)(4) to allow interlocutory appeals from grants or denials of motions to transfer venue based on the venue provisions set forth in section 2-103(e) of the Code lies within the province of the supreme court. This court "may not alter or expand the plain language of the rule, no matter how beneficial it may be to do so." *Hayek*, 349 Ill. App. 3d at 893-94. Therefore, we conclude that appellate jurisdiction is lacking based on our reading of the plain language of Rule 306(a)(4).

¶ 25                                    III. CONCLUSION

¶ 26 For the reasons stated, we dismiss this appeal for lack of appellate jurisdiction.

¶ 27 Appeal dismissed.

10

*Highland Management Group, LLC v. Society Insurance*, 2022 IL App (5th) 210348

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Madison County, No. 21-L-13; the Hon. Sarah D. Smith, Judge, presiding. |
| **Attorneys for Appellant:** | Michael D. Sanders, Amy E. Frantz, and Barret W. Whalen, of Purcell & Wardrope, Chtrd., of Chicago, for appellant Society Insurance. |
| | David B. Mueller, of Cassidy & Mueller P.C., of Peoria, for other appellant. |
| **Attorneys for Appellee:** | Ann E. Callis, Eric D. Holland, R. Seth Crompton, Robert J. Evola, and Erika M. Stassi, of Holland Law Firm, LLC, of St. Louis, Missouri, for appellee. |